02-10-423-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00423-CV

 

 


 
 
 Chase Home Finance, LLC
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 SFTF Holdings, LLC
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM THE 236th
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          This
is a restricted appeal from a default judgment rendered against Appellant Chase
Home Finance, LLC (Chase).  Appellee SFTF Holdings, LLC (SFTF) filed suit in
April 2010 seeking to remove an alleged cloud on the title to real property
located in Fort Worth, Texas (the Property).  Chase did not answer the lawsuit,
and the trial court granted a default judgment for SFTF on June 9, 2010,
declaring that Chase’s interest in the Property was extinguished and that SFTF
was the owner of the Property.  The trial court also awarded attorney’s fees to
SFTF.  Chase thereafter filed notice of this restricted appeal.

          In
two issues, Chase contends that the trial court erred by adjudicating title to
the Property under the Declaratory Judgments Act without requiring SFTF to
plead the elements required by the trespass-to-try-title statute and by
entering the default judgment awarding free and clear title to SFTF without
requiring SFTF to plead facts evidencing its clear and superior title.  In its
brief, SFTF concedes error as to Chase’s second issue and agrees that the case
must be remanded for a new trial because its original petition did not contain
any allegation that it has a “superior interest in the Property.”

          We
have reviewed SFTF’s original petition and agree with the parties that it
contains no allegation that SFTF has a superior interest in the Property.  See
Martin v. Amerman, 133 S.W.3d 262, 265 (Tex. 2004) (listing “superior title
out of a common source” as one way to prevail in a trespass-to-try-title case
and stating that the pleading rules in such cases “are detailed and formal, and
require a plaintiff to prevail on the superiority of his title, not on the
weakness of a defendant’s title”).  We therefore sustain Chase’s second issue,
reverse the trial court’s judgment, and remand the case to the trial court for
a new trial.  See Tex. R. App. P. 43.2(d); see also Smith v. Law
Office of Dale A. Burrows, P.C., No. 02-10-00112-CV, 2010 WL 4056229, at *1
(Tex. App.—Fort Worth Oct. 14, 2010, no pet.) (mem. op.) (reversing and
remanding after the appellee agreed to the relief sought by the appellant).  

 

PER CURIAM

 

PANEL: 
GARDNER, DAUPHINOT,
and GABRIEL, JJ.

 

DELIVERED:  July 14, 2011









[1]See Tex. R. App. P. 47.4.